I concur in the result reached that the verdict of $2.5 million is not excessive, but I should not be understood as agreeing with that portion of the opinion that holds that the procedure by which that verdict was reached comports with the due process requirements of the Fourteenth Amendment to the Federal Constitution. *Page 1048 
The Supreme Court of the United States is now reviewing the due process issues in an appeal from a judgment of this Court entered in Pacific Mut. Life Ins. Co. v. Haslip,553 So.2d 537 (Ala. 1989), cert. granted, ___ U.S. ___,110 S.Ct. 1780, 108 L.Ed.2d 782 (1990), and in that case the Court is expected to determine if Alabama's procedure for awarding punitive damages in civil cases is fundamentally fair, as the majority in this case holds. I dissented in Haslip and expressed the opinion that the Supreme Court of the United States may reverse the judgment of this Court in that case.[1]
I have always been of the opinion that wrongful death cases were in a different category insofar as the amount of punitive damages that could be awarded, but I have not agreed that Alabama's procedures were without Constitutional problems. See my opinion concurring in part and dissenting in part inIndustrial Chemical Fiberglass Corp. v. Chandler,547 So.2d 812, 833 (Ala. 1988). My opinion in IndustrialChemical was based primarily upon a statement made by the Supreme Court of the United States in Louis Pizitz DryGoods Co. v. Yeldell, 274 U.S. 112, 47 S.Ct. 509,71 L.Ed. 952 (1927): "We cannot say that it is beyond the power of the legislature, in effecting such a change in common law rules, to attempt to preserve human life by making homicide expensive."274 U.S. at 116, 47 S.Ct. at 510.
As the majority points out, the legislature has placed a cap on punitive damages awards, except in wrongful death actions. Consequently, the size of the award would not necessarily violate any legislative policy regarding a jury's right to award punitive damages in this case. Although a jury is not otherwise restricted in the amount it might determine would be sufficient to make a wrongful death "expensive," that fact does not necessarily answer the question posed here — whether the failure to give the jury some guidelines in making that determination is constitutionally infirm. Insofar as I can tell, this precise issue has not yet been considered by the Supreme Court of the United States, but is pending in theHaslip case.
If the Supreme Court of the United States reverses the judgment of this Court in Haslip, I am of the opinion that the procedure for making an award in a wrongful death case would not be treated differently from the procedure used in Haslip, and the fact that the Supreme Court has stayed judgments from this Court in wrongful death cases convinces me that this is so. That is why I concur in the result only.
[1] Since the Supreme Court granted certiorari review inHaslip, that Court has stayed this Court's judgments in the following cases:
88-376 — Burlington Northern R.R. v. Whitt,575 So.2d 1011 (Ala. 1990), stayed November 29, 1990.
89-0014 — Intercontinental Life Ins. Co. v.Lindblom, 571 So.2d 1092 (Ala. 1990), stayed in December 1990.
88-1289 — Southern Life Health Insurance Co. v.Turner, 571 So.2d 1015 (Ala. 1990), stayed January 10, 1991.
Some of those cases are wrongful death actions, as this one is; that fact leads me to believe that in Haslip the court is primarily interested in Alabama's procedure
for awarding punitive damages in all civil actions.
 ON APPLICATION FOR REHEARING